# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| David Gordon Oppenheimer, | Civil Action No.: 2:23-cv-00700-RMG |
| Plaintiff, | |
| v. | **COMPLAINT**<br>(**Jury Trial Demanded**) |
| Charleston Gateway Properties, and Ellen T. Bonner, and DOES 1-5 | |
| Defendants. | |

Plaintiff David Gordon Oppenheimer ("Oppenheimer" or "Plaintiff"), by and through his attorneys, complains against Defendants, Charleston Gateway Properties ("CGP"), Ellen T. Bonner ("Bonner") and Does 1-5 (referred to collectively herein as "Defendants"), and alleges as follows:

## NATURE OF THE SUIT

1. This is an action for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, *et seq*. and violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1201, *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the copyright claims and other claims asserted in this action pursuant to 28 U.S.C. §§ 1331 and 1338.

3. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a).

4. Upon information and belief, Defendant CGP is an entity operating in the State of South Carolina as a real-estate agency or real estate brokerage firm and maintained an office in

Charleston, South Carolina at the times relevant to this action. Defendant CGP is registered with or licensed by the South Carolina Real Estate Commission as a "Real Estate Office" and operates in South Carolina under License Number 19700.

5. Alternatively, Defendant CGP is a pseudonym under which Defendant Ellen T. Bonner operates or offers real estate services. Defendant CGP is currently or was at the times relevant to this action, actively engaged in promoting, advertising, marketing, and offering for sale its real-estate services (*e.g.*, by and through the Charleston Gateway Properties website, www.charlestongp.com) and/or Defendant CGP otherwise actively does business within this District.

6. Defendant Bonner is a citizen and resident of Charleston, South Carolina and has engaged in business, including by providing real-estate services, including real-estate agency and real estate brokerage services, within this District. Defendant Bonner owns and operates the website www.charlestongp.com through which she advertises and offers her real-estate services and the real-estate services of co-defendant CGP. Upon information and belief, Defendant Bonner engaged in, or had the right to and did control, the infringing and wrongful conduct that occurred in this District which gives rise to the claims asserted in this action.

7. Defendants have sufficient contacts within this District to confer personal jurisdiction to this Court. Upon information and belief, Defendants maintain their principal place of business in this District (i.e., 744 Sterling Drive, Charleston, South Carolina) and Defendants have engaged in infringing and wrongful conduct in this District which gives rise to the claims asserted in this action.

8. Upon information and belief, Defendants Does 1-5, are entities or individuals that have engaged in business, including by providing web design services or website related

2

services, within this District, including with respect to Defendants CGP and Bonner's website www.charlestongp.com. Defendants Does 1-5, have sufficient contacts within this District, including through engaging in business in this District, to confer personal jurisdiction to this Court.  Upon information and belief, Defendants Does 1-5, have engaged in infringing and wrongful conduct in this District which gives rise to the claims asserted in this action, including by providing website related services to Defendant CGP and/or Defendant Bonner, through which Oppenheimer's photograph was, *inter alia,* copied, displayed and distributed on the website owned, operated or controlled by Defendant CGP and/or Defendant Bonner.

## THE PARTIES

9. David Gordon Oppenheimer is a citizen and resident of Asheville, North Carolina.  Mr. Oppenheimer is a photographer that focuses on concert photography, aerial photography, and travel photography.  Mr. Oppenheimer expends substantial sums to create the unique photographs that he offers for sale or use via licensing, including, for example, costs to travel to desired, attractive, and scenic destinations to obtain and create his photographs.

10. Charleston Gateway Properties is an entity operating in the State of South Carolina or is a pseudonym under which Defendant Bonner operates, with its office or principal place of business at 744 Sterling Drive, Charleston, South Carolina, 29412.

11. Defendant Bonner is a citizen and resident of Charleston, South Carolina providing real-estate services, including real-estate agency and real estate brokerage services. Defendant Bonner is registered with and licensed by the South Carolina Real Estate Commission as a "Broker In Charge" under License Number 84037.  The license issued to Defendant Bonner by the South Carolina Real Estate Commission is currently active.

**BACKGROUND**

12. Plaintiff is the sole owner of the federally registered copyright of his photograph of the Wild Dunes Resort on Isle of Palms, South Carolina entitled SC-August-2013-2_OPP6056.jpg (sometimes referred to herein as the "Protected Work") with an effective date of registration of August 31, 2013, and the accompanying Registration Number VAu 1-142-190, of which he is also the author. A copy of the Protected Work and an example of Defendants' infringing use thereof is included herewith as Exhibit 1. The copyright registration certificate for VAu 1-142-190 is included herewith as Exhibit 2.

13. Plaintiff has incorporated or displayed the Protected Work on his website where the Protected Work is and continues to be available for print sales or licensing. Plaintiff's Protected Work has been available to and accessible by Defendants because Plaintiff's Protected Work has been publicly displayed in Plaintiff's advertising and marketing, for example, on Plaintiff's website, https://performanceimpressions.com.

14. Plaintiff's Protected Work was available to and accessible by Defendants such that Plaintiff's Protected Work has been used, copied or otherwise appeared on a website created, owned, controlled and/or maintained by Defendants.

15. The Plaintiff's authorized published versions of the Protected Work include certain copyright management information, including with legible facial watermarks, embedded metadata, and/or adjacent captions identifying Plaintiff's ownership of the copyright in the Protected Work. Such copyright management information placed Defendants on notice of Plaintiff's rights in the Protected Work.

16. The version of the Protected Work hosted and used on Defendant's website still included metadata placing Defendants on notice of Plaintiff's rights in the Protected Work. The

metadata included the following information placing Defendants on notice of Plaintiff's protected rights in the Protected Work:

| caption-_abstract | Wild Dunes Resort on Isle of Palms - luxury resort and waterfront real estate near Charleston, South Carolina - © 2013 David Oppenheimer - Performance Impressions Photography Archives |
|---|---|
| caption_writer | David Oppenheimer |
| category | image |

| copyright | © 2013 David Oppenheimer - All Rights Reserved |
|---|---|
| copyright_flag | true |
| copyright_notice | © 2013 David Oppenheimer - All Rights Reserved |

17. As shown in Exhibit 1, in at least one instance, Defendants copied and displayed the Protected Work without license or permission on the website owned and/or operated by Defendant CGP and Defendant Bonner. The display of the Protected Work is evidence of willful infringement because the photograph was copied and displayed despite Defendants' knowledge of Plaintiff's copyright. Due to clear notice of copyright accorded to the Defendants.

18. One or more copies of the Protected Work was hosted by Defendants on a server associated with Defendant CGP's and Defendant Bonner's website or the Protected Work was displayed on Defendant's website. Despite the presence of Copyright Management information (referred to herein collectively as "CMI") on Plaintiff's Protected Work and Defendants' knowledge of such CMI (i.e., the watermark shown at Exhibit 1 at p. 2), for a certain unauthorized copy of the Protected Work, one or more of the Defendants intentionally removed or cropped out Plaintiff's CMI, including the facial watermark from the Protected Work as used on the website (https://www.charlestongp.com) created, owned, controlled and/or maintained by

5

Defendants (See, e.g., Exhibit 1 at p. 3). Defendants distributed or displayed the Protected Work knowing that the CMI (e.g., a watermark) had been removed in at least one infringing copy and obscured from display with other infringing use. In so doing, Defendants acted with reckless disregard of Plaintiff's rights in the Protected Work and Defendants willfully and intentionally violated Plaintiff's rights in his Protected Work by using the protected work on the website created, owned, controlled and/or maintained by Defendants.

19.     Defendants have produced, reproduced, and/or prepared a derivative work, based upon Plaintiff's Protected Work or a derivative of Plaintiff's Protected Work without Plaintiff's consent and distributed, presented, and/or displayed Plaintiff's Protected Work or a derivative of Plaintiff's Protected Work. Defendants' acts have violated Plaintiff's exclusive rights under the Copyright Act, including under 17 U.S.C. §§ 106 and 501. Defendants have violated Plaintiff's exclusive right to produce, reproduce, distribute copies of his Protected Work, and to create derivative works and to publicly display his Protected Work.

20.     In addition to violating the Copyright Act, Defendants have violated the Digital Millennium Copyright Act by removing and obscuring Plaintiff's copyright management information from the Protected Work. For example, Defendants removed and obscured legible CMI and altered or removed legible CMI watermark from the Protected Work. Defendants' actions violate 17 U.S.C. § 1202, *et. seq.* and entitle Plaintiff to civil remedies under 17 U.S.C. § 1203.

21.     Defendants received a direct financial benefit from the acts of infringement, to include, at least by avoiding payment of an appropriate license fee for the use of the Protected Work, and by procuring additional business and income because of the use of the Protected Work.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT AND VICARIOUS LIABILITY THEREFOR**
**17 U.S.C. §§ 106,** *et seq.*

22.   Paragraphs 1 through 21 are re-alleged and incorporated herein by reference.

23.   Through the conduct alleged herein, Defendants have infringed Plaintiff's copyright and protected works in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

24.   Defendant CGP and Defendant Bonner own and operate the website: https://www.charlestongp.com.  Defendants Does 1-5, created or maintained said website. Additionally, Defendants controlled or had the right to control the content of this website or maintenance of content for the website.

25.   Defendant CGP and Defendant Bonner had the right to control and, did control, the content of the website https://www.charlestongp.com in creating or directing the creation of the website, posting content thereon and publishing the content of the website so that it was publicly displayed.

26.   Defendants Does 1-5 controlled, the content of the website https://www.charlestongp.com by posting content thereon and publishing the content of the website so that it was publicly displayed.

27.   Upon information and belief, Defendants copied, reproduced, prepared derivative works based upon, distributed and/or publicly displayed Plaintiff's Protected Work and/or derivatives of Plaintiff's Protected Work on the website https://www.charlestongp.com, without Plaintiff's consent or permission.  Alternatively, Defendant CGP and Defendant Bonner supervised, directed, approved and/or controlled the copying, reproduction, preparation of derivative works based upon, distribution and/or public display of Plaintiff's Protected Work and/or derivatives of Plaintiff's Protected Work on the website https://www.charlestongp.com,

without Plaintiff's consent or permission.

28.     Defendant CGP and Defendant Bonner possessed the right and ability to supervise, direct, and/or control the infringing activity of copying, reproduction, preparation of derivative works based upon, distribution and/or public display of Plaintiff's Protected Work and/or a derivative of Plaintiff's Protected Work on the website https: https://www.charlestongp.com.  Defendants possessed the right and ability to control, and did control, the content of this website and had the ability to supervise, and did supervise and approve, the creation and placement of content on this website.

29.     Defendants possessed an obvious and direct financial interest in the exploitation of Plaintiff's Protected Work as a result of Plaintiff's Protected Work appearing on https://www.charlestongp.com website.  Upon information and belief, Defendants designed, maintained, and controlled their website for marketing and advertising purposes, to highlight their business and attract new customers, e.g., real-estate buyers and sellers.  Defendants used and misappropriated Plaintiff's Protected Work to help draw customers to Charleston Gateway Properties and Defendant Bonner, which constitutes a financial benefit for Defendant CGP and Defendant Bonner.  Additionally, Defendants possessed an obvious and direct financial interest in the exploitation of Plaintiff's Protected Work by avoiding the payment of proper licensing fees therefore or avoiding the costs associated with commissioning and creating such work.

30.     Defendant CGP and Defendant Bonner had the right and ability to stop the acts of infringement, including by disabling the website, not approving use of the infringing image on https://www.charlestongp.com website or removing the infringing image from the website, but failed to do so, publicly displaying and publishing Plaintiff's Protected Work and engaging in other acts of copyright infringement instead.  Defendant Bonner and Defendant CGP are

8

vicariously liable for any and all co-Defendants' acts of infringement.

31.     Examples of Defendants' infringement are illustrated by way of comparison of Plaintiff's copyright protected works, shown in subparagraph a) below, and excerpts from Defendants' website as referenced below in subparagraph b).



a)      © David Oppenheimer 2013



  b)  htttps://www.charlestongp.com

  32.  Upon information and belief, Defendants built, assembled, own and/or operate the website and/or control the content of the website - https://www.charlestongp.com. Defendants have produced, reproduced, prepared a derivative work based upon, distributed and publicly displayed Plaintiff's Protected Work, derivatives of Plaintiff's Protected Work, and/or images that are copied from and substantially similar to Plaintiff's Protected Work and/or images that include or exhibit copying, by Defendants, of the constituent elements of Plaintiff's Protected Work that are original, without Plaintiff's consent or permission on this website.

  33.  Defendants had actual or constructive knowledge of Plaintiff's rights in the Protected Work, based at least upon the presence of copyright management information on the Protected Work (i.e., including Plaintiff's watermarks or metadata), and Defendants had actual or constructive knowledge that their actions constituted infringement of Plaintiff's rights in the subject copyrighted photographs. Defendants knew or should have known that their actions were infringing Plaintiff's copyright.

  34.  Upon information and belief, Defendant Bonner reviewed and approved infringing use of Plaintiff's Protected Work.

  35.  With actual or constructive knowledge of Plaintiff's copyright and in reckless disregard for Plaintiff's copyright, Defendants engaged in acts of copyright infringement through and/or related to Bonner and CGP's website - https://www.charlestongp.com. Despite the presence of a legible watermark and metadata identifying Plaintiff as the copyright owner and placing Defendants on notice of Plaintiff's copyright in the Protected Work, Defendants willfully, intentionally, and purposefully copied, displayed and distributed Plaintiff's Protected Work in disregard of and with indifference to Plaintiff's rights in the subject copyrighted works.

36. Defendants' acts of infringement were willful, intentional and purposeful, in disregard of and with indifference to Plaintiff's rights in the subject copyrighted works.

37. As a direct and proximate result of Defendants' infringement, Plaintiff is entitled to damages in an amount to be proven at trial.

38. Plaintiff is entitled to damages, including statutory damages pursuant to 17 U.S.C. § 504, and enhanced damages under 17 U.S.C. § 504(c)(2) as a result of Defendants' willful copyright infringement.

39. Plaintiff is further entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF 17 U.S.C. § 1202, *et seq.*
## AND VICARIOUS LIABILITY THEREFOR

40. Paragraphs 1 through 39 are re-alleged and incorporated by reference herein.

41. Plaintiff's Protected Work included certain information constituting copyright management information under 17 U.S.C. § 1202. For example, Plaintiff's Protected Work, as displayed on his website, included certain CMI (e.g., a watermark and certain metadata) which constituted copyright management information under 17 U.S.C. § 1202.

42. In conjunction with Defendants' acts of copyright infringement, such as copying, distributing and publicly displaying Plaintiff's Protected Work on the website https://www.charlestongp.com, one or more of Defendants intentionally removed, altered and/or obscured Plaintiff's copyright management information (i.e., watermark) related to certain unauthorized use the Protected Work, including uses shown in Exhibit 1. For example, Plaintiff's watermark was removed from or cropped out of the Protected Work when it was distributed and publicly displayed on the website https://www.charlestongp.com.

43. Defendants' acts of altering or removing Plaintiff's CMI from the Protected Work and subsequent distribution violate 17 U.S.C. § 1202, *et. seq.*, including at least 17 U.S.C. §§ 1202(b)(1) and (2), and entitle Plaintiff to civil remedies under 17 U.S.C. § 1203.

44. Defendant CGP and Defendant Bonner had the right and ability to control and to stop the acts of obscuring or removing Plaintiff's CMI from the Protected Work, including by disabling the website, not approving use of the infringing image on https://www.charlestongp.com website or removing the infringing image from the website, but Defendant CGP and Defendant Bonner failed to do so.  Defendant Bonner and Defendant CGP are vicariously liable for any and all co-Defendants' acts in violation of 17 U.S.C. § 1202, *et. seq.*, including at least 17 U.S.C. §§ 1202(b)(1) and (2).

45. Defendant CGP and Defendant Bonner possessed an obvious and direct financial interest in the removal of Plaintiff's CMI from the Protected Work as it permitted exploitation of Plaintiff's Protected Work, without being immediately detected, as a result of Plaintiff's Protected Work appearing on https://www.charlestongp.com website.  Upon information and belief, Defendants designed, maintained, and controlled their website for marketing and advertising purposes, to highlight their business and attract new customers, e.g., real-estate buyers and sellers.  The removal of Plaintiff's CMI allowed Defendants to use and misappropriate Plaintiff's Protected Work to help draw customers to Charleston Gateway Properties and Defendant Bonner without immediate detection, which constitutes a financial benefit for Defendant CGP and Defendant Bonner.  Additionally, Defendants possessed an obvious and direct financial interest in the exploitation of Plaintiff's Protected Work by avoiding the payment of proper licensing fees therefore or avoiding the costs associated with commissioning and creating such works.

46. As a direct and proximate result of Defendants' wrongful acts, Plaintiff is entitled to damages in an amount to be proven at trial. Plaintiff is entitled to damages, including at least statutory damages, pursuant to 17 U.S.C. § 1203.

47. Plaintiff is further entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 1203 and otherwise according to law, together with prejudgment and post-judgment interest.

48. As a direct and proximate result of Defendants' forgoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believes and, on that basis, avers that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiff's rights in the Protected Work. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. Finding that Defendants have infringed Plaintiff's copyright.

2. Finding that Defendant CGP and/or Defendant Bonner are vicariously liable for the infringing acts of all co-Defendants.

3. Providing that Defendants are required to provide a full accounting to Plaintiff for all profits derived from their use of Plaintiff's copyrighted material and their production, reproduction, and preparation of derivative works based on, distribution and display of the unauthorized use of Plaintiff's copyrighted works in all media.

4. Providing that Defendants are permanently enjoined from all other infringement of Plaintiff's copyrighted work.

5. Ordering Defendants to pay Plaintiff statutory damages under the Copyright Act, including pursuant 17 U.S.C. § 504.

6. Ordering Defendants to pay Plaintiff enhanced damages under the Copyright Act, including pursuant 17 U.S.C. § 504, associated with Defendants' willful infringement and an award of costs and attorney's fees.

7. Finding that Defendants' acts violated 17 U.S.C. § 1202, *et. seq.*, including at least 17 U.S.C. §§ 1202(b)(1) and (2) and entitle Plaintiff to civil remedies under 17 U.S.C. § 1203(c)(3)(B).

8. Finding that Defendant CGP and Defendant Bonner are vicariously liable for the acts of all co-Defendants which violate 17 U.S.C. § 1202, *et. seq.*, including at least 17 U.S.C. §§ 1202(b)(1) and (2).

9. Ordering Defendants to pay Plaintiff statutory damages for each violation pursuant 17 U.S.C. § 1203(c)(3)(B), including an award of costs and attorney's fees.

10. Providing a preliminary and permanent injunction prohibiting Defendants, and their respective agents, servants, employees, officers, successors, licensees and assignees, and all persons acting in concert or participation with each or any of them, from continuing to infringe Plaintiff's copyright(s).

11. Ordering that Defendants pay Plaintiff pre and post judgement interest on all applicable damages.

12. Providing such other relief as the Court may deem equitable and just.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury on all issues so triable.

February 21, 2023								Respectfully submitted,

								  *s/ Jason A. Pittman*
								Tim F. Williams (Fed. Id. 6276)
								Jason A. Pittman (Fed Id. 10270)
								Dority & Manning, P.A.
								P. O. Box 1449
								Greenville, SC 29602-1449
								(864) 271-1592
								(864) 233-7342 (facsimile)
								timw@dority-manning.com
								jpittman@dority-manning.com
								*Attorneys for Plaintiff*

15